WINSTON COUNTY *v.* LOUISVILLE HOME BANK *et al.*

(In Banc. Oct. 24, 1932.)

[143 So. 884. No. 30007.]

Magruder, Walker & Magruder, of Starkville, for appellants.

Rodgers & Prisock, of Louisville, for appellant.

Flowers, Brown & Hester, of Jackson, for appellees.

68

Argued orally by **Henry Rodgers** and **W. W. Magruder**, for appellant, and by **Clyde Hester**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The Louisville Home Bank, which was the official depository of Winston county, closed its doors on the 6th day of January, 1931, on which date the bank, as county depository, was indebted to the county in the sum of forty-one thousand nine hundred seventy-one dollars and nine cents. It is alleged also that the bank had in its possession, as depository, warrants belonging to the county in the sum of fourteen thousand dollars. The facts respecting the warrants are not made clear on this

record, but for the purposes of this appeal, we will consider the said warrants as additional to the forty-one thousand nine hundred seventy-one dollars and nine cents, making a total of fifty-five thousand nine hundred seventy-one dollars and nine cents. The county held in its possession as security for the sums aforesaid negotiable bonds, the property of the bank, aggregating in amount and in value sixty-four thousand six hundred dollars, and the funds were further secured by surety bonds amounting to thirty thousand dollars.

Soon after the closing of the doors of the depository bank, the board of supervisors employed attorneys to enforce the prompt collection of the sums due to the county, and the attorneys proceeded at once under their employment. Notice was given the surety companies who had furnished the surety bonds in the aggregate of thirty thousand dollars, as above mentioned, but no suit was brought against the surety companies. The entire amount due the county by the bank as depository was, in the course of time, although not promptly, paid out of the proceeds of the sales of the negotiable bonds belonging to the bank and held by the county as security for its depository funds. The attorneys applied to the chancery court, wherein the said bank was being liqui-dated, for an order allowing them a fee for their service. The court disallowed the application.

The application is based on section 4353, Code 1930, which reads as follows: "In the event of the failure of any county depository to pay any county warrant lawfully issued on any funds on deposit belonging to the county in such depository, the county is hereby empowered to sell such securities as are placed with it by such depository, or so much thereof as may be necessary to cover back into the county treasury the amount of county funds on deposit with such depository, with accrued interest thereon, and the sale of

such securities shall be made by the board of supervisors at the best price that can be obtained at either public or private sale, and in the event of the failure of the county depository to pay any warrant when such depository has placed as security surety bonds, the clerk or holder of the warrant shall notify the president of the board of supervisors and he shall take such immediate action as he may deem best and most expedient for covering back into the treasury all county money on deposit in such depository, and the board of supervisors is authorized to employ counsel, if necessary, to more speedily enforce the payment and expenses of such collection, including the counsel fee to be charged against such depository, and, in addition thereto, said depository shall be liable for damages at the rate of one per cent per month for any delay in paying over any county funds when lawfully demanded, and the bond of any depository shall be liable for said expenses and damages.''

We think it would not be permissible for us to hold that, if the security for the deposits was solely of negotiable bonds and in ample amount to safely cover the deposits, the board would, under said statute, have the right to employ attorneys, and run up fees which were entirely unnecessary. Under this statute it is observed that the board is fully empowered to make sale of the negotiable securities ''at the best price that can be obtained at either public or private sale.'' This is a procedure which any competent business man could negotiate, and is not one requiring the special skill of an attorney. And the same result must follow where, as in this case, the negotiable bonds or securities are ample and have an adequate margin, although there are surety bonds in addition. The reason for this is that in such case the county is amply secured by the readily convertible property of the principal debtor in its possession, and to this property, sureties on surety bonds have the right in equity to compel the county to resort in exoneration

of the sureties, the property of the principal thus held being primarily chargeable with the satisfaction of the county's demands. Solomon v. Bank, 72 Miss. 854, 861, 17 So. 383.

Appellants contend that in any event they are entitled to an allowance under section 2915, Code 1930, which section is as follows:

"Any officer, state, county, municipal or district, or any other custodian of public funds or property, who shall improperly withhold same from the state or county treasury or other authority whose duty it is to receive same, or who shall fail to turn property over to the proper custodian, or who shall in any wise be in default as to any money or property held by him as a public official in this state, or in any other capacity as custodian of such funds or property, which may come into his hands by virtue of his official position, whether in the proper performance of his official duties, or otherwise, shall be liable on his bond for all cost of collection or recovery of money or property, including in such costs the commissions, if any, of the state tax collector or the attorney-general, and all other costs connected therewith, including interest on funds improperly withheld, for such time as such funds have been withheld, and reasonable rental and damages where property belonging to the public is so withheld; and any such public official who shall unlawfully pay to himself, or who shall knowingly and designedly pay to any other person not entitled thereto, without allowance regularly made by the proper authority any public funds shall be liable on his official bond for all costs of recovery of such funds, including the commissions, if any, which may be due to the officer making the collection.

"It is the purpose of this section to preserve in its integrity the public funds and property in this state, and it shall be so construed that the commissions, if any, and fees of the attorney-general and the state tax collector,

and all other costs of collection must be borne by such derelict official or custodian.''

The latter section is a general statute dealing with all public officers, whereas section 4353 is a special law dealing with the specific subject of a delinquent county depository. We are of opinion that the rule, that special legislation directed to a special subject must be regarded as controlling over general legislation, should be applied here; and that for this reason, as well as for others which we might state, section 2915 does not come into operation in this case.

Affirmed.

**Ethridge, J.,** delivered the dissenting opinion of the court.

I cannot agree with my brethren on the construction placed upon section 4353, Code 1930.

The manifest purpose of this section is to secure, to the holders of county warrants, prompt payment when presented to the depository. The evil designed to be remedied by its enactment was the release of money held by state, county, and municipalities under conditions presented by the statute, so that such money could be in circulation rather than tied up in the treasuries of state, county, and municipalities for long periods of time.

It was the duty of the depository and the surety on its bond to promptly pay the warrants, and, if the money was not available, to promptly place it in such depository so the county warrants could be paid.

In my opinion, the statute intended to give to the public authorities the option to either sell the securities which were marketable, or proceed against the surety company which had signed the surety bond. The surety obligated itself to promptly pay, or see that the depository promptly paid, the county warrants.

It is not always advisable to sell securities on the market at the best price obtainable, rather than to coerce the surety company to pay the money forthwith.

The statute here under consideration is to be construed in the light of its history and policies, and is not controlled by the law applicable to private business transactions. Therefore, I think the case of Solomon v. Bank, 72 Miss. 854, 17 So. 383, is not applicable to this suit. If the principles established in that case are applied to public depositories, the sureties could never be sued until the assets of the depository had all been converted into money, and its effects applied to the payment of public deposits.

Securities, such as here involved, at the time the depository failed to meet its obligation, were not readily salable in the markets, and there was no market in Louisville for the ready sale of such securities. The county was not required, in my opinion, to ignore the interests of other depositors in the bank, and to needlessly sacrifice the securities in its possession.

I do not agree that the situation here is such that the services of an attorney were not needed. That is a matter largely resting within the discretion of the chancellor, and I might not be willing, on all the facts, to hold that his ruling was reversible error.

I agree with the majority that this case is not controlled by section 2915, Code 1930, which applies to public officers. A depository is not a public officer, within the meaning of this section.